UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADU COJOCARU,<br><br>                            Plaintiff,<br><br>v.<br><br>MERCK SHARP & DOHME LLC,<br><br>                            Defendant. | Case No.:  24-cv-1770-W-KSC<br><br>**ORDER RE JOINT DISCOVERY STATEMENT [Doc. No. 31]** |

On May 16, 2025, following the lodgment of a Joint Discovery Statement by the parties, the Court held a substantial discovery hearing on the record as to whether defendant should be able to redact documents produced in discovery on the ground those documents contained confidential business information. Doc. Nos. 24, 27, 34. On June 26, 2025, plaintiff filed a second Joint Discovery Statement addressing the same documents. Doc. No. 31. Plaintiff contends defendant is still overzealously redacting discoverable information. *Id.* Defendant contends it has only redacted information that would be tantamount to divulging the secret formula for Coca-Cola, which is the touchstone the Court previously provided as guidance for what level of trade secrets defendant might protect from disclosure to plaintiff, given plaintiff remains connected to the pharmaceutical industry. *See id.*; *see also* Doc. No. 34 at 23-24.

The Court may issue a protective order preventing or limiting disclosure of trade

secrets. Fed. R. Civ. P. 26(c)(1)(G). Trade secrets are not absolutely privileged, and they may be produced in discovery. *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 685 (N.D. Cal. 2006). The Court has discretion to require production of trade secrets but limit the use of the discovered documents. *Fed. Open Market Comm'n of the Fed. Res. Sys v. Merrill*, 443 U.S. 340, 3562 (1979). "'The burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm.'" *Tac Holdings LLC v. Atlatl Grp. LLC*, 2024 U.S. Dist. LEXIS 82784, at *8 (quoting *Deford v. Schmid Prod. Co., a Div. of Schmid Labs.*, 120 F.R.D. 648, 653 (D. Md. 1987)). If the party withholding discovery can meet that burden, the party moving to compel carries the burden of showing disclosure is nonetheless warranted. *Id.* at *8-9 (quoting *IntelliCAD Tech. Consortium v. Suzhou Gstarsoft Co.*, 508 F. Supp. 3d 790, 795 (D. Or. 2020)).

As a general matter, a protective order preventing use or disclosure of trade secrets other than for purposes of litigation is adequate protection. *See Heat & Control, Inc. v. Hester Indus.*, 785 F.2d 1017, 1025-26 (Fed. Cir. 1986); *Table de France, Inc. v. DBC Corp.*, EDCV 19-423-JGB-KKx, 2019 WL 6888043, 2019 U.S. Dist. LEXIS 221931, at *11 (C.D. Cal. Aug. 1, 2019) *Finley v. Pulcrano*, C 08-248-PVT, 2008 WL 4500862, 2008 U.S. Dist. LEXIS 83821, at *5-6 (N.D. Cal. Oct. 6, 2008). The parties already have exactly such a protective order in place, which is based on the Court's Model Protective Order for patent cases. Doc. No. 11. The protective order in place allows for the designation of confidential documents as "FOR COUNSEL ONLY," which is intended to protect trade secrets given the competitive nature of the industry. *Id.* at 3. The Court has even reminded the parties of this fact once before. Doc. No. 34 at 24.

Parties to high-stakes patent litigation involving hundreds of millions of dollars' worth of valuable intellectual property routinely use stipulated protective orders with counsel-only designation provisions to facilitate the exchange of information (with document productions orders of magnitude larger than what is at issue in this case) without

any Court involvement whatsoever. The Court cannot conceive how that level of protection could be insufficient in this single-plaintiff employment case. The Court was previously inclined to permit defendant the use of judicious redactions in the hope that further Court intervention would prove unnecessary. However, it is clear the parties cannot resolve this on their own. Accordingly, because a FOR COUNSEL ONLY designation adequately protects the defendant's interests in this case and because transparency is the only way to put this dispute to rest, the Court orders defendant to produce all the discovery at issue, unredacted and designated FOR COUNSEL ONLY, within 15 days of this Order. The parties shall thereafter meet-and-confer in good faith if plaintiff's counsel contends any of the documents should bear a less restrictive confidentiality designation, or no designation at all. The parties may thereafter bring any designation dispute to this Court consistent with the terms of the Protective Order [Doc. No. 11 ¶13]. This deadline shall not be modified by the parties without leave of Court, which the parties may seek by a timely Joint Motion to Modify Court Order (whether they agree or not about an extension) after meeting and conferring.

**IT IS SO ORDERED.**

Dated: June 30, 2025

Hon. Karen S. Crawford
United States Magistrate Judge