

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADU COJOCARU,<br><br>Plaintiff,<br><br>v.<br><br>MERCK SHARP & DOHME LLC,<br><br>Defendant. | Case No.: 24-cv-1770-W-KSC<br><br>**ORDER RE JOINT DISCOVERY MOTION [Doc. No. 50]** |

Defendant has moved to compel further production of documents by plaintiff that are responsive to defendant's Request for Production No. 29. Doc. No. 50. The substance of the dispute is that defendant seeks discovery of "communications" between plaintiff and Deanna Nguyen, but plaintiff has withheld documents created after July 18, 2024, claiming further production would invade his state-law right to privacy in his personal intimate affairs. *Id.* The Court will first decide whether plaintiff waived his right to object based on state-law privacy objections, because if the objections are waived, the Court need not wade into the merits of the privacy objection.

Defendant contends, as a threshold issue wholly separate from whether plaintiff's privacy objection is well taken, that plaintiff waived the right to assert a privacy objection by failing to include that objection in his initial responses. Doc. No. 50 at 5. Objections not raised within the period allowed for a timely response under the applicable Federal Rule

are waived. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *Safeco Ins. Co. of Am. v. Rawstrom*, 183 F.R.D. 668, 671 (C.D. Cal. 1998). Although Rule 34 contains no express provision to relieve a party of waiver, the Court finds persuasive the approach prescribed by *Hall v. Sullivan*, in which the party that waived its objections could show good cause to be excused from that waiver. *See* 231 F.R.D. 468, 474 (D. Md. 2005).[1] Although the question of waiver is committed to the Court's general discretion, factors that might be relevant to a finding of waiver include

> (1) the length of the delay or failure to particularize [responses]; (2) the reason for the delay or failure to particularize; (3) whether there was any dilatory or bad faith action on the part of the party that failed to raise the objection properly; (4) whether the party seeking discovery has been prejudiced by the failure; (5) whether the document production request was properly framed and not excessively burdensome; and (6) whether waiver would impose an excessively harsh result on the defaulting party.

*See id.*

In consideration of the first factor, plaintiff acknowledges that he did not assert any privacy objection in a formal discovery response until 107 days after he had served the initial response containing no privacy objection. *See* Doc. No. 50 at 8, 13-14. This is not a case where there was a trivial delay of one or two days, in which instances some courts have found good cause to excuse wavier. *See, e.g.*, *Kanawi v. Bechtel Corp.*, No. C 06-5566-CRB-EDL, 2008 WL 4642168, 2008 U.S. Dist. LEXIS 91227, at * (N.D. Cal. Oct. 17, 2008) (refusing to find waiver of objections when discovery responses served one day late). To the contrary, the delay here accounted for over three months (which is more than half the time the Court normally allots for the completion of *all* of fact discovery in a case

---

[1] Multiple district courts within the Ninth Circuit have followed *Hall* in the absence of controlling Circuit-level authority. *See, e.g.*, *Karr v. Napolitano*, No. C 11-2207 LB, 2012 WL 1965855, 2012 U.S. Dist. LEXIS 15709, at *16-17 (N.D. Cal. May 31, 2012) (collecting cases); *accord Scurlock v. Syneos Health US, Inc.*, 2:22-cv-9444-FMO-JC, 2023 WL 7694441, 2023 U.S. Dist. LEXIS 204091, at *10 n.4 (C.D. Cal. Nov. 14, 2023).

like this) and plaintiff still waited several additional weeks after the waiver had been discovered to serve an amended response [*see* Doc. No. 50 at 7]. Thus, the Court concludes the length of delay, which is substantial in this case, favors a finding of waiver.

As to the reason for delay, plaintiff's counsel asserts he always meant to interpose the objection, but he "inadvertently forgot a final edit" to the discovery responses prior to serving them. *See* Doc. No. 50 at 14. Attorney carelessness, even if not rising to the level of bad faith, constitutes inexcusable neglect which is insufficient to show good cause. *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985); *see also United States v. Poai*, Cr. No. 22-103 JMS, 2025 WL 1696425, 2025 U.S. Dist. LEXIS 114504, at *5-6 (D. Haw. June 16, 2025) (collecting cases). Here, the Court concludes plaintiff's counsel was, at best, careless in failing to properly prepare discovery responses. That does not support a finding of good cause. Plaintiff is bound by his counsel's failure to act diligently, and this factor favors waiver.

The Court will consider the next two factors (bad faith/dilatory conduct and prejudice to defendant) together because, at least in this case, they are intertwined. The purpose of an objection (at least a well written objection that complies with the letter and spirit of the Federal Rules) is to let the requesting party know what information will be produced and what will be withheld. Here, plaintiff does not contend his initial responses facially advised the defense that he would be withholding a substantial volume of information. In fact, he had to assert the objection belatedly because plaintiff's response included no language making it explicit that he was withholding the information at issue. Doc. No. 50 at 14. The defense first learned that this information was withheld from production during a deposition, taken on May 1 and 7, 2025, when plaintiff admitted his attorneys told him to provide only a limited scope of information. *Id.* at 6-7.

Plaintiff, however, contends defendant should have been "on notice" the discovery production was limited after reviewing the documents produced, which corresponded to the limited time period plaintiff unilaterally selected for production. *Id.* at 14. The Court disagrees. Producing parties must adequately convey, based on the ***response*** they provide,

1    what is produced and what is not. Leaving the requesting party guessing about the scope
2    of the response frustrates the fundamental goals of discovery. The Court does not go so far
3    as to adopt the defense's position that this information was withheld in bad faith [Doc. No.
4    50 at 8:12], but does conclude the failure to object was highly prejudicial to the defense
5    because it obscured the transparency of the discovery process. These two factors—dilatory
6    action and prejudice—strongly favor waiver.

7    As to whether the document request was "properly framed" and not "overly
8    burdensome," while it would appear, from a review of the request itself, that defendant's
9    request is overbroad [*see* Doc. No. 50 at 2], the breadth of the request does not in and of
10   itself have anything to do with the failure to object if, as plaintiff's counsel asserts, they
11   always knew about the privacy issue but merely failed to assert it.[2] Thus, this factor is, at
12   best, neutral on the issue of waiver, which is ultimately no help to plaintiff since it is his
13   burden to show good cause to be excused from waiver, so a neutral factor favors the defense
14   by default.

15   The final factor, harshness, may slightly favor plaintiff because he must subject
16   aspects of his personal life to further scrutiny by the defense in this lawsuit—a process no
17   private person relishes. At the same time, baring one's private affairs to inquisitive lawyers
18   very much comes with the territory when you file a lawsuit. Fundamental fairness dictates
19   that plaintiff—who seeks production of defendant's asserted trade secrets—must also
20   subject himself to a level of scrutiny and inspection he would otherwise wish to avoid
21   where the requested information is relevant and proportional under Rule 26. Accordingly,
22   this factor weighs only slightly in favor of plaintiff, and it does not outweigh the other
23   factors, all of which weigh against plaintiff's attempt to show good cause. The Court
24   concludes plaintiff has waived his right to object based on privacy.

25   The Court notes, however, that plaintiff did assert some objections timely, including
26   objections as to the overbreadth and ambiguity of the discovery request at issue. Doc. No.

---

[2] The Court will address this overbreadth issue in due course.

50 at 14-16. As plaintiff correctly notes, all-encompassing discovery requests that ask for anything and everything "relevant" to a given subject are generally overbroad. *See Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012). Defendant's request is exactly that, since it asks for all documents (which is itself broadly defined) "relating to" eight different subjects. No doubt defendant wanted to cast a broad net, maximizing its chance to go fishing for morsels of compelling discovery. But the problem with fishing for everything is you're stuck with what you pull up, particularly when you delegate to the producing party what does or does not "relate" to a given subject. Here, as plaintiff notes, he has produced in good faith a certain quantum of documents constituting communications between himself and Ms. Nguyen. Doc. No. 50 at 16. Defendant's Motion to Compel does not challenge the adequacy of that response. The only bona fide question defendant has argued is whether plaintiff's right to privacy gives him the right to cut off his discovery production after July 18, 2024. Thus, for the sake of the parties' clarity on this issue as much as anything else, the Court concludes the scope of documents plaintiff chose to produce controls, and plaintiff's obligation to produce further documents remains limited by the parameters he established with his earlier responses. Although plaintiff's privacy objection is overruled, only those types of documents already produced are subject to further production.

The Court also concludes subpart (a) of defendant's RFP No. 29, which seeks all documents "related to" plaintiff's "relationship with Deanna Nguyen" is overbroad and not relevant within the meaning of Rule 26. Although plaintiff's relationship with Ms. Nguyen may have been generally relevant to this matter *before* defendant terminated his employment for a purported violation of the company's conflict of interest policy, information solely of a personal nature becomes markedly less relevant *after* plaintiff's firing. Accordingly, plaintiff's decision to unilaterally limit his production to documents predating the end of his employment is reasonable only as to to subpart (a), and plaintiff's

objections are sustained as to documents solely responsive to subpart (a).[3] Plaintiff's objections are otherwise overruled as stated in this Order, and he has **20 days** to produce documents consistent with this Order.

**IT IS SO ORDERED.**

Dated: August 1, 2025

Hon. Karen S. Crawford
United States Magistrate Judge

---

[3] Defendant's RFP No. 29 Subparts (b) through (h) are more closely tethered to the facts of this case, and therefore not overbroad. Any document responsive to subpart (a) *and* one of the other subparts must accordingly be produced, notwithstanding the overbreadth of subpart (a).