UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADU COJOCARU, an Individual,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MERCK SHARP & DOHME LLC,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 3:24-cv-01770-W-KSC<br><br>**ORDER GRANTING IN-PART AND DENYING IN-PART DEFENDANT'S EX PARTE MOTION FOR RECONSIDERATION RE 37 ORDER [DKT. NO. 42]** |

Before the Court is defendant's Ex Parte Motion for Reconsideration re 37 Order (the "Ex Parte Motion"). Dkt. No. 42. The Court received the parties' Joint Supplemental Briefing Regarding Defendant's Ex Parte Motion for Reconsideration ("Joint Briefing") on October 24, 2025. Dkt. No. 63. The disputes relating to all documents at-issue in the Ex Parte Motion were either resolved informally by the parties' meet and confer efforts or by the present Order.

**I.　Background**

　　a.　Defendant's Ex Parte Motion

The subject of defendant's Ex Parte Motion [Dkt. No. 42] is the Court's June 30, 2025, Order re Joint Discovery Statement (the "June 30 Order") [Dkt. No. 37] resolving a discovery dispute between the parties. This discovery dispute was first brought to the Court's attention on May 13, 2025, when the parties lodged a Joint Discovery Statement

wherein plaintiff alleged that the defendant was improperly withholding documents. Dkt. No. 24. Following arguments presented by both parties at a discovery hearing on May 16, 2025, the Court ordered defendant to produce all at-issue trade secret documents subject to the proper confidentiality designation and redactions available under the Operative Protective Order. Dkt. No. 34 at 24. At the conclusion of the hearing, the Court held that defendant was "not obligated to produce information that contains highly sensitive research data. If it includes names, produce that information but not the nature of the [']secret formula to Coke['] documents." *Id.* at 24-25. Pursuant to the May 16, 2025, Order, defendant made a supplemental production on May 28. Dkt. No. 31 at 2.

On June 26, 2025, the parties filed another joint discovery statement in which plaintiff challenged defendant's redactions to produced documents. Dkt. No. 31.[1] Plaintiff specifically alleged that of the 1,027 pages of documents produced on May 28, 2025, "583 [of the documents were] almost entirely redacted." *Id.* at 2. Defendant responded that it "made a good faith effort to comply with the Court's instructions … [but] Merck's highly proprietary trade secret information remain[ed] redacted." *Id*.

On June 30, 2025, the Court ordered "defendant to produce all the discovery at issue, unredacted and designated FOR COUNSEL ONLY, within 15 days of this Order." Dkt. No. 37 at 3. Shortly after, defendant filed its Ex Parte Motion seeking reconsideration of the Court's June 30, 2025, Order. Dkt. No. 42. In light of the Ex Parte Motion, on July 14, 2025, the Court stayed the June 30, 2025, Order, and directed the parties to meet and confer to determine whether the existing Protective Order was sufficient, or if modification was needed to "mollify defendant's concerns about potential misappropriation of its purported trade secrets." Dkt. No. 43. Shortly thereafter, the Court granted the parties' Joint Motion to Amend the Protective Order. Dkt. No. 51.

/ / /

---

[1] The Court accepted this filing despite the fact that Judge Crawford's Chamber Rules require all discovery disputes be lodged with the Court. Dkt. No. 35.

On August 8, 2025, the Court held another discovery hearing on the documents still in dispute following the parties' July meet and confer conference. Dkt. No. 54. After the hearing, the Court ordered defendant to "make the at-issue 'CONFIDENTIAL FOR COUNSEL ONLY' designated documents—which were the subject of the Court's June 30, 2025, Order re Joint Discovery Statement [Doc. No. 37]—available for plaintiff's counsel's review on **August 12, 2025**." *Id.* Pursuant to the Court's Order and subsequent instruction, the parties lodged joint statements with the Court providing updates on the status of the discovery dispute.

### b. The Three Remaining Disputed Documents

After nearly six months of disputes related to more than a thousand pages of documents, only five pages from three documents remain in dispute. Defendant lodged the documents containing the at-issue pages with the Court for in-camera review on October 10, 2025. Dkt. No. 62. The disputed pages bear the following bates numbers: MERCK005251-5252, MERCK005370-5371, and MERCK005368.[2]

### i. MERCK005251-5252

MERCK005251-5252 consists of two pages from a 29-page PowerPoint presentation dated February 2024. While plaintiff's name is included once in the PowerPoint on MERCK005269, the redactions on that page are not disputed. On the disputed pages, MERCK005251-5252, defendant redacted as "Trade Secret Information" all text except the titles of each PowerPoint slide. "The redacted slides contain projected headcount, budgets, and forecasts for programs Merck acquired from Prometheus for 2023–2025." Dkt. No. 63 at 7[3].

///

---

[2]  The disputed documents have been produced multiple times. The bates numbers indicated here reflect the most recent production of the documents.

[3]  All citations to pages numbers are to the docket page number, not the document's listed page number.

Plaintiff describes the redacted text in MERCK005251-5252 as "information discussing business planning" that can be used to explain why he was "wrongfully" terminated by defendant. *Id.* at 4. Further, plaintiff states that the disputed pages do not constitute trade secret information because they contain no "scientific or technical information". *Id.* 4.

Defendant labels the redacted text as trade secret information because "[t]his non-public information reflects Defendant's internal strategic planning and business priorities and, if disclosed, would give competitors insight into Defendant's future initiatives based on its projected allocation of resources, allowing them to anticipate Defendant's development strategies, adjust their own plans, and capture market share before Defendant's initiatives are realized." *Id.* at 7.

### ii. MERCK005370-5371

MERCK005370-5371 is a two-page email from plaintiff to his supervisors that contains four discrete and limited redactions. The email was sent during plaintiff's employment and relates to "his alleged conflict of interest, his past accomplishments, and his search for work on a new project." *Id.* at 5. In discussing his "past accomplishments", plaintiff also briefly mentions specific methodologies and outcomes from work he had and/or planned to perform as an employee of defendant.

Plaintiff argues that he is entitled to production of an unredacted version of this email because "[n]othing in the email remotely approaches 'the Coke formula' … [and] the continued redactions by Merck make the email difficult to understand." *Id.*

Defendant represents that the redactions are limited to the "proprietary methodology that Plaintiff worked on during his employment." *Id.* at 8. Defendant further states that "[t]he redactions are [] consistent with the Court's order, and do not affect the readability or substance of the email, which has otherwise been produced in full." *Id.*

### iii. MERCK005368

MERCK005368 is one page from a 9-page PowerPoint presentation. Plaintiff's name appears on MERCK005363, which is not in dispute, entirely unredacted, and

designated as confidential. MERCK005368 "contains a list of roles that were displaced within the company. Although the list does not include employee names, it identifies each displaced role by job site and includes additional details such as job level and role description." *Id*. at 9. While designated as "Confidential – For Counsel Only," MERCK005368 contains **no** redactions.

Plaintiff argues he is entitled to the production of MERCK005368 in its unredacted form. However, MERCK005368 has **no** redactions, thus, plaintiff already possesses that which he seeks. Plaintiff makes no additional arguments contesting defendant's confidentiality designation of MERCK005368. *See id.* at 2-5.

## II. Legal Standard

The Court has broad discretion to manage discovery. *See U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Information need not be admissible to be discoverable. *Id*. In the discovery context, information is relevant if it relates to "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978)).

While broad, the scope of discovery is not unlimited. *See ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015) ("Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries.") Relevant discovery must also be "proportional to the needs of the case …." Fed. R. Civ. P. 26(b)(1). To determine whether discovery is proportional, the Court evaluates "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance

1  of the discovery in resolving the issues, and whether the burden or expense of the proposed
2  discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

3      "The party seeking to compel discovery has the burden of establishing that its request
4  satisfies the relevance requirement of Rule 26." *Sanchez Y Martin, S.A. de C.V. v. Dos*
5  *Amigos, Inc.*, No. 17CV1943-LAB (LL), 2019 WL 581715 at *3 (S.D. Cal. Feb. 13, 2019).
6  In turn, the party resisting the discovery has the burden to show that the discovery is
7  objectionable by "clarifying, explaining, and supporting [their] objections based on
8  relevance and privilege." *Mahil v. Option Care Enters., Inc.*, No. 20CV1559-BEN-MDD,
9  2021 WL 2550084 (S.D. Cal. June 21, 2021) (internal quotations omitted) (citing
10 *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal 2002); *Blankenship v. Hearst*
11 *Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

12 **III.  Analysis**

13     In the Joint Briefing, plaintiff seeks to compel defendant to produce the unredacted
14 versions of MERCK005251-5252, MERCK005370-5371, and MERCK005368. The Court
15 will analyze the merits of plaintiff's arguments and defendant's responses below.

16     a.  Plaintiff is Entitled to Unredacted Versions of MERCK005251-5252

17     Plaintiff is entitled to discovery of defendant's business planning information
18 because it is relevant to his claim of alleged wrongful termination. Plaintiff alleges that the
19 redacted business planning information—defendant's plans to "reduce headcount"—in
20 MERCK005251-5252 shows that defendant no longer had a need for plaintiff as an
21 employee which explains the real reason why plaintiff was "wrongfully" terminated. Dkt.
22 No. 63 at 3.

23     Defendant argues its redactions were proper because this information is not relevant
24 to any theory of termination that plaintiff alleges in the operative complaint. *Id*. at 6-7
25 ("Only recently has Plaintiff shifted his position, asserting a new theory" of wrongful
26 termination "not alleged in the operative complaint …."). *Id.* at 6. The Court does not find
27 defendant's argument persuasive because it was on notice of plaintiff's general claim of
28 wrongful termination. *See Stephenson v. California*, 761 F. Supp. 3d 1242, 1264 (C.D. Cal.

2025) ("A party need not plead specific legal theories in the complaint, so long as the other side receives notice as to what is at issue in the case.") (quoting *Am. Timber & Trading Co. v. First Nat. Bank of Oregon*, 690 F.2d 781, 786 (9th Cir. 1982)). Plaintiff is entitled to discover whether defendant's efforts to reduce headcount drove their decision to terminate him. Thus, plaintiff is entitled to discovery of defendant's business planning information because it is relevant to why plaintiff was terminated. Moreover, this discovery is proportional to the needs of the case. The information relates directly to plaintiff's claim of wrongful termination, is only available to defendant, and the burden on defendant to produce the information without redactions is minimal.

Defendant also attempted to justify these redactions by arguing that the information shows "internal strategic planning and business priorities [that], if disclosed[,] …" could lead to competitive harm. *Id.* at 6. While this argument might make sense in the absence of a protective order, it ignores the fact the parties entered into a Protective Order that governs the production of all information exchanged in this litigation. Dkt. No. 51. The Court will not assume the plaintiff will disseminate information marked as confidential in violation of the Protective Order. Defendant is free to designate documents as "Confidential" or "Confidential – For Counsel Only" as it sees fit, and in accordance with the Protective Order. Defendant is ordered to re-produce MERCK005251-5252 with new Bates numbers without redactions.

    b. <u>Defendant's Redactions of MERCK005370-5371 Are Limited and Comply with the Court's Order</u>

Defendant's redactions of an email between plaintiff and his former bosses are limited to information primarily detailing the methodology that he used on projects while employed at Merck. Plaintiff suggests that the redacted information in MERCK005370-5371 is relevant to his claims and defenses because the email relates to "his alleged conflict of interest, his past accomplishments, and his search for work on a new project." Dkt. No. 64 at 4. Plaintiff goes on to argue that the redacted information does not show the secret

1  "Coke Formula" and that the redactions make the email difficult to read. *Id.* The Court
2  disagrees.
3  After lengthy discussion with the parties during the May 16, 2025, discovery
4  hearing, the Court held that defendant's "methodology is not subject to production[]"
5  because it is not relevant to any claims or defenses asserted. Dkt. No. 34 at 27. In plaintiff's
6  counsel's own words, "we're only talking about did he work on Coke? Did he work on
7  Diet Coke? Was it Mountain Dew? It's not like: Working on Coke, he did this, he did that,
8  he put this in the formula." *Id.* at 28. In other words, discovery related to the substance of
9  plaintiff's work—the methodologies and ideas he implemented—is not relevant to
10 plaintiff's claims and defenses. Here, defendant's redactions are limited to information that
11 amounts to "methodology". In a declaration signed under penalty of perjury, Merck's Vice
12 President and Head of Data, AI Genome Sciences Iya Khalil explained that "[t]he limited
13 redactions applied to this email protect highly sensitive information describing Merck's
14 scientific approach, specific research results, and potential future applications of the same
15 methodology." Dkt. No. 63-1 at 2-3. After conducting an in-camera review, the Court
16 arrives at the same conclusion: the redacted phrases describe methodology. What is more,
17 defendant left the names of projects discussed in the email unredacted, providing plaintiff
18 with exactly what he asked for during the May 16, 2025, discovery hearing. Thus, plaintiff
19 failed to meet his burden of establishing relevance under FRCP 26.
20 The Court finds defendants redactions proper and in compliance with this Court's
21 previous Order. *Sanchez Y Martin, S.A. de C.V.*, 2019 WL 581715 at *3; *see also*, *De
22 Portillo v. Cnty. of San Diego*, No. 3:23-CV-00978-WQH-VET, 2024 WL 5048901 at *9
23 (S.D. Cal. Dec. 9, 2024) ("Based on an in-camera review of the County's proposed
24 redactions, the Court finds such redactions properly redact limited, sensitive, and/or
25 irrelevant information.")
26 The Court further concludes that the redactions do not make the email difficult to
27 read or understand as they are extremely limited and should have minimal, if any, impact
28 on plaintiff's ability to comprehend the document. The case law plaintiff appears to rely

on to support his argument is unpersuasive and distinguishable. For example, plaintiff quotes the court's analysis in *Doe v. Trump*, which analyzes defendant's decision to redact information it *unilaterally* deemed to be irrelevant. 329 F.R.D. 262, 276 (W.D. Wash. 2018). The court therein also held that "Defendants have not identified any prejudice that might result from the production of the redacted material here." *Id.* As applied to the current case, the parties agreed that the methodologies plaintiff used on his projects are not within the scope of the discovery and defendant outlined the harm that could result from the production of the redacted material. Dkt. No. 63-1 at 2-3. Plaintiff's rhetoric that defendant's redactions would "breed suspicion" are baseless because plaintiff's counsel conducted an in-person review of all documents in their unredacted form and is otherwise aware of the content of the redacted phrases. Dkt. No. 63 at 4 (remarking that defendant's earlier production of the document contained lesser redactions.)

Accordingly, the Court finds that defendant's redactions of MERCK005370-5371 are limited to methodology, which is not subject to production, and therefore are valid.

### c. Plaintiff Does Not Dispute Defendant's Confidentiality Designation of MERCK005368

Lastly, the Court need not conduct any analysis on MERCK005368 because defendant already produced the document in its unredacted form. Plaintiff does not dispute the "Confidential – For Counsel Only" confidentiality designation in the papers presented and defendant's provided reasoning for this designation is persuasive. Thus, the Court finds defendant's confidentiality designation of MERCK005368 is valid.

## IV. Conclusion

The Court issues the following Order:

1. The Court **DENIES** defendant's request with regards to MERCK005251-5252. Defendant must reproduce MERCK005251-5252 without redactions and with new bates numbers. Defendant is free to designate the confidentiality of the at-issue documents as it sees fit and in accordance with the operative Protective Order.

2. The Court **GRANTS** defendant's request with regards to MERCK005370-5371. Defendant does not need to reproduce MERCK005370-5371 because its redactions are valid.

3. Defendant's request with regards to MERCK005368 is moot because it was already produced without redactions. Defendant does not need to reproduce MERCK005368.

Defendant's Ex Parte Motion for Reconsideration [Dkt. No. 42] is therefore resolved in its entirety.

**IT IS SO ORDERED**

Dated: November 24, 2025

Hon. Karen S. Crawford
United States Magistrate Judge