**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

RADU COJOCARU,

Plaintiff,

v.

MERCK SHARP & DOHME LLC,

Defendant.

Case No.:  24cv1770-W-KSC

**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [DOC. 39]**

Before the Court is Radu Cojocaru's ("Plaintiff") motion for leave to file a second amended complaint ("SAC"). (*Mtn. Amend* [Doc. 39].) Merck Sharp & Dohme LLC ("Defendant") filed an opposition (*Opp'n* [Doc. 55]), and Plaintiff filed a reply (*Reply* [Doc. 56]). The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, the Court **GRANTS** the motion [Doc. 39].

I.    BACKGROUND

Plaintiff initiated this action by filing a complaint in San Diego Superior Court, which was removed to this Court based on diversity jurisdiction. (*Compl.* [Doc. 1].) Shortly after the removal, Plaintiff filed a first amended complaint ("FAC"). (*FAC* [Doc. 5].) Plaintiff was employed by Defendant as a Principal Scientist/Director of Bioinformatics

1

beginning in December 2023 and was terminated from the position in June 2024. (*FAC* at 2.) Plaintiff alleges several causes of action against Defendant, including violation of California labor code, breach of contract, wrongful termination of employment in violation of public policy, and defamation. (*See FAC*.) Plaintiff now seeks to amend the FAC:

> (a) to add facts in support of his existing causes of action for violation of California Labor Code § 1198.5, for breach of contract, and for wrongful termination in violation of public policy . . . . (b) to add legal theories in support of his existing causes of action for breach of Labor Code § 1198.5, breach of contract, and wrongful termination in violation of public policy, specifically the doctrines of forfeiture/waiver of argument, unconscionability, and right to privacy; and (c) to clarify the damages sought for loss of severance or separation pay based on Defendant's production of its applicable policy after the filing of litigation.

(*Mtn. Amend* at 3-4.) Defendant argues that Plaintiff's motion should be denied because it involves "undue delay," the parties have exchanged "voluminous discovery," and the amendment would cause "substantial prejudice to Defendant," which Defendant claims "signals bad faith." (*Opp'n* at 2.) Defendant also argues that the amendment would be futile because it is based on a legal theory that has "already been rejected by California courts." (*Id*.)

## II.    STANDARD

Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading has been served, a party may amend its complaint only with leave of court, and leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Granting leave to amend rests in the sound discretion of the district court. *Pisciotta v. Teledyne Industries, Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996). Although leave to amend is not to be granted automatically, the rule should be interpreted with extreme liberality. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citations omitted). Five factors are considered to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to

2

24cv1770-W-KSC

the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

## III.   DISCUSSION

### A.   Bad Faith and Undue Delay

Plaintiff argues that the above factors favor granting leave to amend. (*Mtn. Amend* at 5.) Plaintiff asserts that he "lacked knowledge" of the "clarifying facts and additional legal theories or doctrines" included in the proposed SAC because "Defendant wrongfully withheld documents relating to his termination prior to ligation" and continued to do so during discovery until ordered by Magistrate Judge Crawford to produce them unredacted. (*Id.*) Plaintiff further states that he was "severely handicapped" in filing the original complaint and FAC due to the absence of employment records relating to his termination and Defendant's conflict-of-interest-policy. (*Mtn. Amend Dec.* [Doc. 39-1] at 2.)

Defendant opposes leave to amend on the ground that Plaintiff has been in possession of the information underlying the proposed amendments for many months, which "reflects strategic gamesmanship rather than a good-faith effort" to respond in a timely manner to facts allegedly discovered. (*Opp'n* at 2-8.) Defendant explains that its conflict-of-interest policy was produced as part of its initial disclosures on December 11, 2024. (*Opp'n Dec.* [Doc. 55-1] at 2.) Plaintiff does not dispute receiving the policy and termination related records on that date, but he contends that the production was "very selective" and did not include other requested documents. (*Mtn. Amend Dec.* at 2.) Plaintiff maintains that he did not receive the remaining documents until April 2, 2025, and that on June 30, 2025, Magistrate Judge Crawford ordered Defendant to produce the documents unredacted and designated "FOR COUNSEL ONLY." (*Id.*)

The record reflects, however, that the June 30, 2025, discovery order pertained to materials containing confidential trade secrets. (*See Disc. Order* [Doc. 37].) Plaintiff moreover acknowledges that the proposed amendment was prompted, not by the belated discovery of new facts, but by his review of Defendant's already produced documents and

Defendant's questioning of Plaintiff during his May 1 deposition, after which Plaintiff concluded that Defendant was applying a "broad and vague" conflict-of-interest policy in an "unconscionably unfair and intrusive manner," and he then "immediately prepared the proposed Second Amended Complaint." (*Mtn. Amend Dec.* at 2.) Therefore, the motion to amend rests on a new interpretation of information that had been in Plaintiff's possession for months. While that assessment may assist with new legal strategy, it does not, on its own, explain the timing of the motion or justify undue delay.

Undue delay may be found where a party fails to act promptly under the circumstances. *See Pruco Life Ins. Co. v. California Energy Dev., Inc.*, No. 18-CV-2280 DMS (AHG), 2020 WL 4345330, at *2 (S.D. Cal. July 29, 2020). Here, Plaintiff could have sought leave to amend shortly after receiving the conflict-of-interest policy and related documents in December 2024. Instead, Plaintiff waited almost seven months before filing the present motion. Additionally, Plaintiff fails to explicitly identify any specific documents or information produced after the initial disclosures that were essential to the new claims and theories asserted in the proposed SAC. (*Mtn. Amend Dec.* at 2.) Apart from Plaintiff's post-deposition realization, the record does not support a justification for the delay.

Accordingly, while the Court does not find that Plaintiff acted in bad faith, it concludes that the motion to amend is the product of undue delay. However, "undue delay, alone, is insufficient to justify denying a motion to amend." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712–13 (9th Cir. 2001).

**B.    Prejudice to Opposing Party**

The Ninth Circuit has stated that, of the factors, "prejudice to the opposing party [] carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The party opposing the amendment bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–87 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under

24cv1770-W-KSC

Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052 (emphasis in original).

Here, Defendant asserts prejudice because it "completed Plaintiff's deposition based on the allegations in the FAC" and would have to either forfeit examination on newly alleged issues or seek leave of court to reopen the deposition. (*Opp'n* at 6-7.) Defendant further argues that granting leave to amend would "inject new factual and legal issues on the eve of the discovery deadline," forcing it to reallocate resources from "summary judgment preparation" to renewed discovery efforts. (*Id*.)

These concerns are unpersuasive. To eliminate any claimed prejudice, the Court will permit Defendant to redepose Plaintiff, as requested, within thirty days of the issuance of this Order, with discovery reopened for that limited purpose. (*See Opp'n* at 7 n.1.) In addition, the discovery schedule does not change the analysis. When Plaintiff moved for leave to file a SAC on July 7, 2025, fact discovery was then scheduled to close on July 25, 2025. (*Mtn. cont. disc.* [Doc. 40] at 1.) Two days later, however, the parties jointly moved to continue the discovery cutoff, (*id*.,) and on July 10, 2025, the Magistrate Judge granted that request, extending discovery through September 23, 2025. (*Order* [Doc. 41].) In effect, more than two months of fact discovery remained after Plaintiff filed for leave to amend. Further, the Court previously anticipated that amendment could require limited adjustments to the discovery schedule. *(Id.)*

Courts have explained that when discovery is open, a defendant "is not precluded from carrying out additional discovery to investigate the claims in the amended complaint" and therefore "is not prejudiced by amendment of the complaint." *Oliver v. In-N-Out Burgers*, 286 F.R.D. 475, 477 (*citing Johnson v. Mammoth Recreations*, Inc., 356 F.3d 1067, 1077 (9th Cir. 2004)). Here, any additional discovery required by amendment would be minimal. The newly asserted constitutional theory comes from Defendant's conflict-of-interest policy, which has been in both parties' possession since December 2024. (*Opp'n* at 3.) *See Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649, 656 (declining to find undue prejudice where amendment would require limited additional discovery, including

24cv1770-W-KSC

a single deposition and supplemental disclosures, because such steps are "ordinary burdens of litigation.").

With this context, Defendant's reliance on *Miramontes v. Mills* is misplaced. (*Opp'n* at 6-7). In *Miramontes*, the defendant contended that amendment would be prejudicial because it would require reconsideration of her "entire defense strategy" and require "voluminous additional discovery." 2015 WL 13609449, at *3 (C.D. Cal. 2015). The court rejected that contention and granted leave to amend, emphasizing that the proposed claims were based on the same underlying factual allegations as the original complaint and therefore involved "few, if any, new facts." *Id.* at *4. Because "[t]he case remain[ed] essentially the same," the court found the defendant's assertions of extensive new discovery unpersuasive and explained that the need to conduct limited additional discovery does not, standing alone, establish prejudice. *Id.* Importantly, the court found no prejudice where nearly three months of fact discovery remained. *Id.*

Here, as in *Miramontes*, the proposed amendment does not inject new factual theories into the case and would require little to no new factual discovery. Although Defendant challenges the timing of discovery, more than two months of fact discovery remained, comparable to the period the *Miramontes* court found sufficient to accommodate any minor changes. (*See Order*.)

The other cases cited by Defendant do not warrant a different outcome. In *Schlacter-Jones v. General Telephone*, the court denied leave to amend only after discovery had closed and summary judgment motions were fully briefed. 936 F.2d 435, 443 (9th Cir. 1991). Similarly, in *Solomon v. North American Life & Casualty Insurance Co.,* the plaintiff sought amendment just two weeks before the discovery cutoff. 151 F.3d 1132, 1139. In *Quan v. San Francisco Police Department,* both defendants had already completed and filed summary judgment motions before the plaintiff moved for leave to amend. 2011 WL 2470477, at *6 (N.D. Cal. 2011). Accordingly, the lack of prejudice weighs in favor of allowing Plaintiff to amend their complaint.

/ / / /

6

24cv1770-W-KSC

### C.   Futility and Previous Amendments

The last two factors consider whether the amendment would be futile, and the number of previous amendments requested by the moving party. Leave to amend should only be denied as futile in the narrow circumstance where "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R., Co.*, 881 F.3d 1122, 1134 (9th Cir. 2019). Further, "[a] proposed amendment is not futile if it is likely to survive a Rule 12(b)(6) motion to dismiss." *Uyeno v. Gen. Motors, LLC*, No. 3:23-CV-1555-L-JLB, 2024 WL 3823987, at *1 (S.D. Cal. Aug. 14, 2024) (citing *Sonoma County Assoc. of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1118 (9th Cir. 2013). Because futility is evaluated under the Rule 12(b)(6) standard, that review is limited and "does not permit the court to weigh evidence or resolve factual disputes." *In re Packaged Seafood Prods. Antitrust Litig.*, 338 F. Supp. 3d 1079, 1106–07 (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).

Consistent with this demanding standard, courts generally decline to adjudicate the substantive merits of a proposed amendment when deciding a motion for leave to amend, instead deferring such challenges until after amendment. *In re Packaged Seafood Prods. Antitrust Litig.*, 338 F. Supp. 3d 1079, 1106-1107 (noting the "general preference against denying a motion for leave to amend based on futility"). "Arguments concerning the sufficiency of the proposed pleadings, even if meritorious, are better left for briefing on a motion to dismiss." *Lillis v. Apria Healthcare*, 2012 WL 4760908, at *1 (S.D. Cal. Oct. 5, 2012).

Here, Plaintiff has plead sufficient facts, assumed true at this stage, to establish the elements of California's right to privacy cause of action.[1] (*Mtn. Amend* at 14-15). Any

---

[1] In *Hill v. National Collegiate Athletic Association*, the California Supreme Court confirmed that the Privacy Initiative in article I, section 1 of the California Constitution "creates a right of action against private as well as government entities." 7 Cal. 4th 1, 20. A plaintiff alleging a violation of the state constitutional right to privacy must plead and ultimately establish three elements: "(1) a legally protected

dispute as to whether those elements are ultimately satisfied presents substantive questions of fact and law, which this Court declines to resolve on a motion to amend. Because nothing suggests these claims are meritless, they are not futile for purposes of allowing an amendment.

Additionally, this is the first time Plaintiff has asked for an amendment, besides as a matter of right, so this is not a case where the plaintiff has repeatedly failed to correct the complaint. (*Mtn. Amend* at 3.) Therefore, these final two factors weigh in Plaintiff's favor.

**IV.    CONCLUSION & ORDER**

For the reasons stated above, Plaintiff's motion for leave to amend to file a second amended complaint [Doc. 39] is **GRANTED**. Plaintiff shall file the second amended complaint no later than **February 12, 2026**. Defendant is permitted to redepose Plaintiff within 30 days of this order, and discovery is reopened solely for that purpose.

**IT IS SO ORDERED.**

Dated:  February 6, 2026

Hon. Thomas J. Whelan
United States District Judge

---

privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." *Id.* at 39–40. Whether a legally recognized privacy interest exists is a question of law for the court, while whether the plaintiff had a reasonable expectation of privacy and whether the defendant's conduct amounted to a serious invasion are mixed questions of law and fact. *Id.* Where the undisputed facts demonstrate no reasonable expectation of privacy or only an insubstantial intrusion, the claim may be resolved as a matter of law. *Id.*